## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| Rita R. Fisher, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:07-cv-00653-DRH-DGW |
| Redline Recovery Services, LLC, a Georgia limited liability company and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Rita R. Fisher, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

3. Plaintiff, Rita R. Fisher ("Fisher"), is a citizen of the State of Illinois, residing in the Southern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally to GE Capital – Wal-Mart, but now owed to LVNV Funding, LLC.

4. Defendant, Redline Recovery Services, LLC ("Redline"), is a Georgia limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Illinois. In fact, Redline was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Fisher.

5. Defendant, LVNV Funding, LLC, ("LVNV"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Illinois. In fact, LVNV was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Fisher.

6. Defendant LVNV is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect itself or through other debt collectors like Defendant Redline.

**FACTUAL ALLEGATIONS**

7. Ms. Fisher is an elderly woman, with a heart condition and high blood pressure, who fell behind on paying her bills. One such debt she was unable to pay was a debt she originally owed to GE Capital – Wal-Mart. Accordingly, Ms. Fisher sought the assistance of legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), regarding her financial difficulties.

this

8. Via a letter dated June 11, 2007, Defendants sent Ms. Fisher an initial collection letter demanding payment of the GE Capital – Wal-Mart debt that was now allegedly owed to Defendant LVNV. A copy of this collection letter is attached as Exhibit A.

9. Accordingly, on July 3, 2007, her LASPD attorney wrote Defendants a letter, advising Defendants that LASPD represented Ms. Fisher and directing them to cease contacting Ms. Fisher and to cease all further collection activities. A copy of this letter is attached as Exhibit B.

10. Disregarding this notice, Defendants sent Ms. Fisher two more form collection letters, dated July 19, 2007 and August 1, 2007, demanding payment of the GE Capital – Wal-Mart debt. Copies of these additional collection letters are attached as Exhibits C and D, respectively.

11. Accordingly, Ms. Fisher's LASPD attorney had to send Defendants another letter, dated August 8, 2007, again directing them to cease communicating directly with Ms. Fisher. A copy of this letter is attached as Exhibit E.

12. All of the collection actions at issue occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

16. Defendants knew that Ms. Fisher was represented by counsel in connection with this debt because her attorneys had informed Defendants in writing that she was represented by counsel and to cease directly communicating with her.  By sending the July 19, 2007 and August 1, 2007 letters directly to Ms. Fisher, despite being advised that Ms. Fisher was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

17. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections After Direction To Cease
### Communications And A Refusal To Pay

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  Here, the letter (Exhibit B), from Ms. Fisher's LASPD attorney told Defendants to cease communications and that she refused to pay the debt.  By

continuing to communicate regarding this debt and demand payment, Defendants violated § 1692c(c) of the FDCPA

20. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Rita R. Fisher, prays that this Court:

1. Declare that Defendants' debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiff Fisher, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rita R. Fisher, demands trial by jury.

    Rita R. Fisher,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: September 18, 2007

David J. Philipps
Bonnie C. Dragotto
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

5